**JUDGE ENGELMAYER**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

VIRGINIA TOOMER,

                                      Plaintiff,

                    -against-

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,
LESLIE GUZMAN, THE CITY OF NEW YORK,
POLICE OFFICER RAMON PALANCO, JOHN DOE
POLICE OFFICERS ##1-4,

                                    Defendants.

**COMPLAINT AND JURY DEMAND**

ELECTRONIC FILING CASE



------------------------------------------------------------------------- x

### PRELIMINARY STATEMENT

    1.      This is a civil rights action in which plaintiff seeks relief for the violation of his

rights secured by 42 USC §§1983, 1985(3), 1988 the Fourth and Fourteenth Amendments to the

United States Constitution, with supplemental claims for false arrest and malicious prosecution.

    2.      The claim arises from a January 23, 2011 incident in which Leslie Guzman, a

Manager for the Verizon Wireless Store at 166 West 125th Street, New York, NY, conspired with

Police Officer Ramon Polanco, who was acting under color of state law, in causing the false

arrest and malicious prosecution of plaintiff.

    3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

### JURISDICTION

    4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims are asserted.

5.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6.      Plaintiff is an African-American woman, citizen of the United States and at all times here relevant resided in the County of New York, City and State of New York.

7.      Defendant Cellco Partnership d/b/a Verizon Wireless, is a business entity registered to do business and doing business in the State of New York.

8.      Defendant Leslie Guzman was at all times here relevant an employee of Defendant Cellco Partnership d/b/a Verizon Wireless and Manager of a "Verizon Wireless" store located at 166 West 125th St., New York, NY.  Defendant Guzman is sued in her individual and official capacities.

9.      Defendant the City of New York is a municipal corporation organized under the laws of the State of New York.

10.      Defendant Police Officer Ramon Polanco is a member of the New York City Police Department.  He is in his individual and official capacity.

11.      At all times here mentioned Defendant Polanco in conspiracy with Defendant Guzman, were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12.      On January 21, 2011, Plaintiff went to the Verizon Wireless store at 166 West 125th Street because her Blackberry mobile device was not operating properly.  She had a

contract with Verizon wireless services for mobile wireless service. She was told by an employee that she had six days left on her contract and therefore she could obtain a new Blackberry for either $99 or $149.

13.     Plaintiff returned to the store two days later in the early afternoon on Sunday January 23, 2011 to obtain a new Blackberry. She was told that the employee she spoke to two days before had been mistaken, that her contract had expired and therefore she would have to spend $500 for a new Blackberry device.

14.     She asked for a manager and the woman, Defendant Leslie Guzman, told her that her contract had lapsed. When Plaintiff tried calmly to reason with her, Defendant Guzman became loud and aggressive. Plaintiff asked for her business card but she refused, giving her a card for a male manager that was working the next day. She refused to give her name. At Plaintiff's behest, Defendant Guzman called police officers into the store to redress the situation.

15. A police officer told plaintiff that there was nothing the police could do and that the dispute was a matter for the court. Plaintiff wrote down the names and badge numbers of the police officers. One of the police officers stated that Defendant Guzman asked the officer to tell Plaintiff to leave, and Plaintiff complied.

16.     When she left the store, the officers, now four of them, also left the store. Outside, Defendant Officer Polanco verbally abused Plaintiff. Plaintiff responded, asking why he was treating her that way. At that moment, Defendant Polanco demanded that she turn around with her hands behind her back, and that she was under arrest.

17.     Plaintiff has had two hip replacements but was nevertheless forced into the back of a police car, handcuffed, where there was no room to put her legs. She suffered painfully as she was driven to the precinct while lying down in the back seat, unable to stabilize herself.

18. She was released from the precinct some approximately three and a half hours after initially being taken into custody. She was given a Desk Appearance Ticket that indicated she was charged with New York State Penal Law sec. 140.10, Trespass in the Third degree.

19. The charges were ultimately dismissed against Plaintiff. She never trespassed because she lawfully entered a public establishment but when she was told to leave, she complied.

20. When she left the precinct, she noticed looked inside of her bag for the names and badge numbers of the police officers on the scene. The paper was missing. She returned to the precinct where she was approached by Defendant Polanco, who told her that she "didn't need the names of the officers". He then wrote down his name and badge number on a Chinese restaurant delivery check and told her to leave.

21. At the time of the incident, Plaintiff was an employee of the New York City Department of Education. Because of the arrest and the pending charges against her, she was immediately suspended from her position.

22. After four court appearances, all charges against her were dismissed on July 13, 2011.

23. At all times during the events described above, the defendant officer Polanco and defendant Guzman were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual defendants assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events above described, defendants acted maliciously and with

4

intent to injure plaintiff.

25.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.     Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.     Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

    c.     Physical pain and suffering:

    d.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    e.     Loss of liberty;

    f.     Deprivation of property;

    g.     Loss of wages;

    h.     Attorney's and court fees.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

26.     The preceding paragraphs are here incorporated by reference.

27.     Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

28.     Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures by falsely arresting and maliciously prosecuting plaintiff, conspiring to take these actions, and failing to prevent other individual defendants from doing so, pursuant to

the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

29.     Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (FALSE ARREST)

30.     The preceding paragraphs are here incorporated by reference.

31.     Defendants subjected plaintiff to false arrest, false imprisonment, false detention, and deprivation of liberty without probable cause.

32.     Plaintiff was conscious of her incarceration.

33.     Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

34.     As a result of the false arrest, imprisonment, detention and deprivation of liberty, plaintiff was damaged.

## THIRD CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

35.     The above paragraphs are here incorporated by reference.

36.     Defendants, acting with malice, initiated a prosecution against plaintiff and caused a criminal prosecution to be initiated and maintained against her.

37.     The criminal proceedings were terminated favorably to defendant.

38.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

39. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
### (ASSAULT)

40. The above paragraphs are here incorporated by reference.

41. By swinging at plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

42. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

43. Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
### (BATTERY)

44. The above paragraphs are here incorporated by reference.

45. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her by handcuffing her and by forcing her into a car with no leg room while handcuffed, causing her to be seriously jostled.

46. Defendants used excessive and unnecessary force with plaintiff.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

48. Plaintiff was damaged by defendant's battery.

## SIXTH CAUSE OF ACTION
### (CONSPIRACY)

49. The above paragraphs are here incorporated by reference.

50.    Defendant officers and Defendant Guzman made an agreement to falsely arrest, maliciously prosecute, and assault and batter plaintiff.

51.    Defendants took action in furtherance of this agreement by charging plaintiff with criminal charges.

52.    Plaintiff was injured as a result of defendants' conspiracy.

## SEVENTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

53.    All preceding paragraphs are here incorporated by reference.

54.    Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

55.    A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## EIGHTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

56.    All preceding paragraphs are here incorporated by reference.

57.    Defendant Cellco Partnership d/b/a Verizon Wireless (CPVW) owed a duty of reasonable care to the plaintiff.  CPVW  breached that duty by hiring and retaining defendant Leslie Guzman, causing a foreseeable injury to plaintiff.

58.    As a result of the negligent hiring by defendant CPVW, plaintiff was damaged.

## NINTH CAUSE OF ACTION
(GROSS NEGLIGENCE IN HIRING AND RETAINING EMPLOYEE)

59.    All preceding paragraphs are here incorporated by reference.

60.    Defendant CPVW owed a duty of reasonable care to plaintiff, but nevertheless engaged in the recklessly and wantonly negligent hiring and subsequent retention of

defendant Leslie Guzman, causing foreseeable injury to plaintiff.

61.    Plaintiff has been damaged as a result of the grossly negligent acts of defendant Leslie Guzman.

## TENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR - CPVW)

62.    The above paragraphs are here incorporated by reference.

63.    Defendant Leslie Guzman intentional tortious acts were undertaken within the scope of her employment by defendant CPVW and in furtherance of the defendant CPVW's interest.

64.    As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant CPVW, plaintiff was damaged.

## ELEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR – CITY OF NEW YORK)

65.    The above paragraphs are here incorporated by reference.

66.    Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

67.    As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## JOINT LIABILITY

68.    This action falls within one or more of the exceptions set forth in CPLR section 1602.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
October 17, 2011

TO:

Cellco Partnership d/b/a/ Verizon Wireless
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

LESLIE GUZMAN
Verizon Wireless
166 West 125TH Street
New York, NY

PO Roman Polanco
Shield No. 7055
Patrol Borough Manhattan North

City of New York

Yours, etc.,

LEO GLICKMAN, ESQ.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd floor
Brooklyn, NY  11217
(718) 852-3710
lglickman@stollglickman.com